[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10891
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00028-RS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUSTI NICOLE BROXSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 12, 2015)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Dusti Nicole Broxson appeals her total 151-month sentence, imposed at the

low end of the advisory guideline range, after pleading guilty to one count of

conspiracy to distribute and possess with intent to distribute 50 grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 (Count 1), and one count of attempt to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 (Count 4). On appeal, Broxson argues that: (1) the district court clearly erred in ascribing to her a base offense level of 36 based on a factual finding that she had attempted to purchase at least 1.5 kilograms but less than 4.5 kilograms of methamphetamine, or "ice"; and (2) the court clearly erred in failing to provide a minor-role downward adjustment under U.S.S.G. § 3B1.2(b). After thorough review, we affirm.

We review a district court's determination of drug-quantity attribution for clear error. United States v. Robinson, 935 F.2d 201, 205 (11th Cir. 1991). We also review a district court's determination of a defendant's role in an offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).

First, we are unpersuaded by Broxson's claim that the district court clearly erred in calculating the drug quantity for purposes of her sentence. We afford "great deference to the district court's credibility determinations of drug-quantity witnesses." United States v. Barsoum, 763 F.3d 1321, 1333 (11th Cir. 2014) (quotation omitted), cert. denied, 135 S. Ct. 1883 (2015). In sentencing, the

2

district court's calculation of drug quantity "may be based on fair, accurate, and conservative estimates, but not on mere speculation." Id. (quotation omitted).

Here, Broxson has failed to demonstrate that it was clearly erroneous for the district court to attribute prior drug transactions to her. Broxson's argument relies largely on the discrepancies in the testimony of her co-conspirator, John Matthew Love -- discrepancies that largely concern whether Love had sold Broxson drugs once or twice prior to the attempted transaction that led to her arrest. However, the evidence supports Love's testimony as reliable, including evidence of phone calls between her and Love, the letter and photograph she sent to him, and the testimony of a Drug Enforcement Agent. In any event, whether Love previously sold Broxson drugs once or twice is irrelevant, since the amount allegedly sold at either of those two prior sales -- when combined with the undisputed kilogram Broxson attempted to purchase at the time of her arrest -- totals at least 1.5 kilograms, the minimum quantity for a base offense level of 36, which is the level the district court calculated for her. See U.S.S.G. § 2D1.1(c)(2).

We also find no merit to Broxson's claim that the district court clearly erred in determining her role in the offense. The district court has "considerable discretion in making this fact-intensive determination." United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002). The defendant bears the burden of

3

establishing his qualification for a minor role reduction by a preponderance of the evidence. United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006).

Under the Guidelines, a defendant may receive a reduction for having a limited role in the offense. U.S.S.G. § 3B1.2. The defendant may receive a four-level reduction if she was a minimal participant, a two-level reduction if she was a minor participant, or a three-level reduction if she was somewhere between a minimal and minor participant. Id. A minimal participant is one who was "plainly among the least culpable of those involved in the conduct of the group." Id. § 3B1.2, comment. (n.4). Minor participants are those who are less culpable than most other participants, but whose role could not be described as minimal. Id. § 3B1.2, comment. (n.5). Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." Id. § 3B1.2, comment. (n.3(A)).

In determining whether a mitigating-role adjustment applies, the district court should consider two principles: "first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." De Varon, 175 F.3d at 940. Under the first principle, "the district court must measure the defendant's role against the relevant conduct" that was attributed to her in calculating her base offense level, as "some defendants may be held accountable

4

for conduct that is much broader than their specific acts," such as in a conspiracy. Id. at 940-41.  More to the point, "where the relevant conduct attributed to a defendant is identical to her actual conduct, she cannot prove that she is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not held accountable." Id. at 941.

As for the second principle, the Guidelines "clearly contemplate some assessment of relative culpability," but the district court may "look to other participants only to the extent that they are identifiable or discernable from the evidence."  Id. at 944.  Then, the district court "may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant."  Id. Still, the fact that a defendant's role is less than other participants' roles in the relevant conduct may not be dispositive because it is possible that none of them are minor or minimal participants.  Id.

Here, the district court did not clearly err in declining to apply a minor-role reduction to Broxson's conduct.  Although Broxson again argues that Love's testimony regarding additional purchases was unreliable, it was well within the district court's discretion in this fact-intensive inquiry to determine the credibility of Love's statements.  See Boyd, 291 F.3d at 1277-78; Barsoum, 763 F.3d at 1333.

5

Examining the first prong of the <u>De Varon</u> test, Broxson was held accountable at sentencing only for the conduct attributable to her -- namely, her role in conspiring to possess and distribute between 1.5 and 4.5 kilograms of methamphetamine. Therefore, Broxson's actual and relevant conduct were the same, and she did not play a minor role in that conduct. Examining the second prong, Broxson initiated contact with the seller, negotiated price, arranged details of the transactions, and traveled to the seller's apartment to make the purchase. On this record, we cannot say that the district court clearly erred in finding that Broxson was not a minor participant in the offense.

**AFFIRMED**.